**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. _____

MANUEL GONZALEZ, on behalf of himself
and others similarly situated,

    Plaintiff,

v.

BUY BUY BABY, INC.,

    Defendant.

_____/

*State Court Case No.*

2021-006016-CA-01, 11th Jud. Cir.,
Miami-Dade County, Florida

**Putative Class Action**

**NOTICE OF REMOVAL OF CIVIL ACTION**

**PLEASE TAKE NOTICE** that Defendant, Buy Buy Baby, Inc. ("Buy Buy Baby" or "Defendant"), by and through its undersigned counsel, hereby files this notice of removal in the above-captioned action, currently pending in the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, as Case No. 2021-006016-CA-01 (the "State Court Action"). This removal is made pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453. For the reasons set forth below, this Court has subject matter jurisdiction.

**I.  BACKGROUND**

1. On or about March 11, 2021, Plaintiff Manuel Gonzalez ("Plaintiff"), individually on behalf of himself and others similarly situated, filed a putative Class Action Complaint and Demand for Jury Trial (the "Complaint") in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. A true and correct copy of the Complaint is attached hereto as **Exhibit A**.

2. On April 6, 2021, Buy Buy Baby was served with the Complaint. A true and correct copy of the Notice of Service of Process is attached hereto as **Exhibit B**.

3. True and correct copies of all process, pleadings, and orders in the State Court Action that are not included in Exhibit A or Exhibit B are attached hereto as **Exhibit C**.

4. The Complaint alleges that Buy Buy Baby unlawfully intercepted Plaintiff's electronic communications while he was browsing the www.buybuybaby.com website (the "Website") in violation of the Florida Security of Communications Act, Fla. Stat. § 934.01, *et seq*. (the "FSCA"). Compl. ¶ 1.

5. This Notice of Removal is timely under 28 U.S.C. § 1446(b)(1) because it is filed within thirty (30) days after Plaintiff's service of the Complaint upon Buy Buy Baby.

6. Nothing in this Notice of Removal shall constitute a waiver of Buy Buy Baby's right to assert any defense.

## II. VENUE

7. Venue is proper under 28 U.S.C. § 1441(a) because this Court is the United States District Court for the district and division embracing the location where the State Court Action was pending.

## III. JURISDICTION

8. This Court has jurisdiction over this action under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d) and § 1453 because: (a) it meets CAFA's definition of a class action; (b) the putative class consists of more than 100 members; (c) there is minimal diversity of citizenship; and (d) the amount in controversy, after aggregating the sum or value of each proposed class member's claim, exceeds $5 million, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d).

Based on the allegations in the Complaint, which must be taken as true for purposes of removal, and for the reasons set forth below, all requirements of CAFA are satisfied.

        **A.**        **This Action Meets the Definition of a "Class Action" Pursuant to CAFA.**

9.        CAFA defines a "class action" as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action…" 28 U.S.C. § 1332(d)(1)(B).

10.        Plaintiff filed his complaint in this action as a "Class Action Complaint." *See* Compl. p. 1. The Complaint makes numerous references to the action as a "class action," or to Plaintiffs as "class members." *See, e.g. id.* ¶¶ 1, 33, 43. Plaintiff further invokes the Florida state court rule of procedure relating to class actions, Rule 1.220 of the Florida Rules of Civil Procedure. *See id.* ¶¶ 11, 43. Plaintiff seeks to certify a class consisting of: "Florida residents who visited the [Buy Buy Baby] Websites, and whose electronic communications were intercepted or recorded by QM on behalf of Defendant, without their prior consent…" *Id.* ¶ 43. Accordingly, Plaintiff's Complaint meets the definition of a "class action" pursuant to CAFA.

        **B.**        **The Putative Class Consists of More than 100 Members.**

11.        Plaintiffs seek to certify a class wherein "[m]embers of the Class number in the thousands." *Id.* ¶ 47; *see also* **Exhibit D**, Declaration of John Carton ("Carton Decl."), ¶ 5. In addition, the Complaint alleges that the class size is "so numerous that their individual joinder is impracticable." Compl. ¶ 46. Accordingly, the aggregate number of class members is greater than 100 persons for purposes of 28 U.S.C. § 1332(d)(5)(B).[1]

---

[1] Although Buy Buy Baby concedes that the putative class meets the threshold for CAFA jurisdiction purposes, Buy Buy Baby rejects any suggestion that this lawsuit will ultimately prove appropriate for class-wide treatment.

      **C.**      **This Action Meets the Diversity Requirements of CAFA.**

12.      Diversity under CAFA exists if the citizenship of "any member of a class of plaintiffs is a citizen of a state different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

13.      Plaintiff alleges that he is a citizen of Miami-Dade County, Florida. Compl. ¶ 7.

14.      Buy Buy Baby is a corporation incorporated in Delaware with its principal place of business in New Jersey. *Id.* ¶ 8; Carton Decl. ¶ 3. Thus, for diversity purposes, Buy Buy Baby is a citizen of Delaware and New Jersey. 28 U.S.C. § 1332(c)(1); *see also Tamiami Condo. Warehouse Plaza Ass'n, Inc. v. Markel Am. Ins. Co.*, No. 19-CV-21289, 2019 WL 4854271, at *1 (S.D. Fla. Oct. 2, 2019) (denying plaintiff's motion to remand in response to defendant's notice of removal where defendant established by more than a preponderance of the evidence defendant's state of incorporation and principal place of business).

15.      Accordingly, because Plaintiff is a citizen of Florida (Compl. ¶ 8) and Buy Buy Baby is a citizen of Delaware and New Jersey, CAFA's minimal diversity requirement is satisfied. 28 U.S.C. § 1332(d)(2)(A).

      **D.**      **The Amount in Controversy Exceeds $5 Million.**

16.      Under CAFA, federal courts have original jurisdiction for "any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2). In determining whether the action exceeds the sum of $5,000,000, the claims of the individual class members are aggregated. *See* 28 U.S.C. § 1332(d)(6). "The amount in controversy is not proof of the amount the plaintiff will recover. Rather, it is an estimate of the amount that will be put at issue in the course of the litigation." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751 (11th Cir. 2010) (quotation marks omitted). In addition, "the inclusion of

attorney's fees in the calculation of the amount in controversy is appropriate." *DO Restaurants, Inc. v. Aspen Specialty Ins. Co.*, 984 F. Supp. 2d 1342, 1346 (S.D. Fla. 2013).

17. To satisfy this requirement, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold; the notice need not contain evidentiary submissions." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 81 (2014); *see also Anderson v. Wilco Life Ins. Co.*, 943 F.3d 917, 925 (11th Cir. 2019) (same). That is, a defendant need only prove "'the amount in controversy more likely than not exceeds the jurisdictional requirement.'" *Pretka*, 608 F.3d at 752 (quoting *Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1072 (11th Cir. 2000)).

18. Here, while Buy Buy Baby denies that Plaintiff and the putative class are entitled to any damages, taking Plaintiff's allegations as true for purposes of removal *only*, Plaintiff's claims in the aggregate would satisfy CAFA's amount in controversy requirement.

19. While Plaintiff does not assert a specified amount of relief, when aggregating Plaintiff's allegations in the Complaint, it is clear that the amount Plaintiff has placed in controversy is over $5,000,000. Plaintiff seeks to certify a class that numbers "in the thousands" (Compl. ¶ 47), which consists of "Florida residents who visited the Websites, and whose electronic communications were intercepted or recorded by QM on behalf of Defendant, without their prior consent . . ." *Id.* ¶ 43.

20. The Complaint seeks declaratory and injunctive relief, statutory damages, punitive damages, attorneys' fees, and costs. *Id.* ¶ 71.

21. The FSCA provides for statutory damages at the rate of $100 a day for each day of violation under the Act or $1,000, whichever is higher. *Id.* The statute of limitations for bringing a claim under the FSCA is two years. Fla. Stat. Ann. § 934.10(3).

22. Buy Buy Baby had at least 5,000 Florida visitors to the Website during the two years prior to the filing of the Complaint based on the number of unique Florida billing addresses used online to make purchases through the Website. Carton Decl. ¶ 5. Therefore, at least 5,000 putative class members during the relevant period are alleged by Plaintiff to have had their "electronic communications" intercepted by the session replay technology that Buy Buy Baby was using on the Website. Using the FSCA's statutory damages rate of $1,000, this alone exceeds CAFA's $5,000,000 requirement. Taking into account Plaintiff's request for injunctive relief and attorney's fees, it is more than clear that the CAFA amount in controversy requirement has been met.

## IV. NOTICE

23. As required by 28 U.S.C. § 1446(d), Buy Buy Baby will serve written notice of this Notice of Removal on Plaintiff, and Buy Buy Baby will file a copy of this Notice of Removal with the clerk of the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida.

## V. CONCLUSION

WHEREFORE, for the foregoing reasons, Defendant Buy Buy Baby, Inc. respectfully requests that this action, previously pending in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, be removed to this Court, and that this Court proceed as if this case had been originally initiated in this Court.

Dated: May 6, 2021

Respectfully submitted,

**GREENBERG TRAURIG, P.A.**
333 S.E. 2nd Avenue
Suite 4400
Miami, FL 33131

            Telephone: 305-579-0500
            Facsimile: 305-579-0717

            By: */s/ Mark A. Salky*
              MARK A. SALKY
              Florida Bar No. 58221
              salkym@gtlaw.com
              STEPHANIE PERAL
              Florida Bar No. 119324
              perals@gtlaw.com
              burkek@gtlaw.com
              collazoe@gtlaw.com
              FLService@gtlaw.com

         *Attorneys for Defendant BUY BUY BABY, INC.*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 6th day of May 2021, I electronically filed the foregoing with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on counsel of record identified below either via transmission of Notices of Electronic Filing generated by CM/ECF, or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing.

              */s/ Mark A. Salky*
              MARK A. SALKY

**Kaufman P.A.**
Avi Robert Kaufman (FL Bar No. 84382)
400 NW 26th Street
Miami, FL 33127
Telephone: 305-469-5881
Email: kaufman@kaufmanpa.com

*Attorneys for Plaintiff Manuel Gonzalez*